IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN SMITH, | : | No. 4:07-cv-2295 |
| | : | |
| Petitioner, | : | |
| | : | (District Judge John E. Jones III) |
| v. | : | |
| | : | |
| D. SCOTT DODRILL, et al., | : | (Magistrate Judge Blewitt) |
| | : | |
| Respondents. | : | |

## <u>MEMORANDUM</u>

### January 8, 2009

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation
("R&R") of Magistrate Judge Thomas M. Blewitt, which recommends that the
petition of Benjamin Smith ("Smith" or "Petitioner"), a *pro se* inmate at the
Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"),[1]
for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied. (Rec. Doc. 4).
Petitioner filed objections to the R&R (Rec. Doc. 10),[2] but the Respondents have

---

[1] Although Petitioner is currently an inmate at FCI-Cumberland, the instant matter
concerns alleged deprivations of federal rights endured while Petitioner was incarcerated at the
United States Penitentiary-Canaan in Waymart, Pennsylvania ("USP-Canaan").

[2] Also before this Court is Petitioner's Motion for Extension of Time in Which to File
Objections to the R&R (Rec. Doc. 9). Since the Petitioner has already filed objections, we shall
deny this motion as moot.

not filed any documentation in opposition to these objections.  Nonetheless, the issue is ripe for disposition.[3]  For the reasons set forth below, the Court will deny the objections and adopt the R&R in its entirety.

## I.      STANDARD OF REVIEW

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made.  28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 674-75 (1980).  The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. Id.  Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  Raddatz, 447 U.S. at 674-75; see also Mathews v. Weber, 423 U.S. 261, 275 (1976); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

## II.     STATEMENT OF FACTS

---

[3] Also before this Court, and ripe for disposition, is Petitioner's Motion to Proceed in Forma Pauperis (Rec. Doc. 3).

Smith filed the instant § 2241 petition[4] against the named Respondents[5] on

December 20, 2007 (the "Petition"). (Rec. Doc. 1).  In said Petition, Smith alleges

that on June 20, 2005, while incarcerated at USP-Canaan, he was assaulted by a

fellow inmate, subsequently quarantined in a special housing unit ("SHU") pending

investigation into the incident, and ultimately released from SHU on June 30, 2005

after being cleared of any wrongdoing. (Id. at 5).  On August 8, 2005, Warden

Lindsay submitted to Respondent Dodrill a recommendation that Petitioner be

transferred from USP-Canaan. (Id.).  Pursuant to a memorandum authored by John

M. Vanyur (the "Vanyur Memo"), the Assistant Director of the Bureau of Prisons,

Dodrill denied transfer until Petitioner was placed in a 10-month disciplinary

segregated housing program[6] ("DSP") and maintained a clear record during that

time. (Id.).

Smith contends that his placement in the DSP was unwarranted because the

Vanyur Memo was intended to prevent inmates from manipulating transfers for

---

[4] 28 U.S.C. § 2241 provides that a writ of habeas corpus may issue to anyone whose custody violates the federal Constitution, laws, or treaties. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

[5] Smith specifically names as Respondents D.Scott Dodrill ("Dodrill"), the Regional Director of the Bureau of Prisoners; Cameron Lindsay ("Lindsay"), Warden at USP-Canaan; Frank Karam ("Karam"), Associate Warden at USP-Canaan; and Frank Lara ("Lara"), Captain of the Guard at USP-Canaan (collectively, "Respondents").

[6] According to Petitioner, the DSP involved readmittance into the SHU and confinement in a cell for 23 hours per day. (Rec. Doc. 1 at 4).

3

their own purposes, whereas his transfer was requested by Warden Lindsay as a result of the assault he sustained.[7] (Id.).  Accordingly, the instant Petition requests habeas relief to the extent that we reverse the judgment of Respondent Dodrill and find that the placement of Petitioner in a 10 month DSP violated due process[8] because he was never given notice, an administrative detention order,[9] a hearing, or proper review regarding such placement. (Id.).  In addition to this declaratory relief, Petition requests that $30,000 in monetary damages be awarded.

### B.    THE REPORT AND RECOMMENDATION

Initially, we note that Petitioner's previous Fifth Amendment Due Process claim was made pursuant to Bivens v. Six Unknown Named Agents of Federal

---

[7]  While Smith contends this was the purpose of the Vanyur Memo, he has not attached a copy of same, nor can we locate same through a search of the Bureau of Prison's website. Therefore, we cannot verify the contents or identify the purpose of the Vanyur Memo. However, Smith's complaint to Vanyur regarding the inapplicability of the Vanyur Memorandum, accompanied by the subsequent repeal of the dictates of that memorandum, may indicate that Petitioner has correctly identified its purpose.

[8]  We note that the instant Petition contains due process allegations identical to those found in a complaint filed by Petitioner on June 15, 2007. See July 15, 2007 Complaint, No. 4:07-1079, Rec. Doc. 1.  Pursuant to our Order of December 3, 2007, we adopted the Magistrate Judge's R&R to the extent that it recommended that Petitioner's due process claims be dismissed.  December 3, 2007 Memorandum and Order, No. 4:07-1079, Rec. Doc. 14, pp.13-14. We did so without prejudice, so that Petitioner could incorporate such allegations into a habeas corpus petition after exhausting administrative remedies. Id. at p. 14 n. 12.  By incorporating his due process claims as the foundation for the instant Petition he has done just that.  Since Petitioner mentions his 23 hour per day confinement as a condition of the DSP, we construe his due process claim to allege a deprivation of liberty.

[9]  Smith insinuates that his overtures requesting a detention order, made on or about October 2, 2005, were ignored until approximately December 6, 2005. (Id.).  He claims to have been discharged from the DSP in January 2006. (Id.).

4

Bureau of Narcotics, 403 U.S. 388 (1971),[10] and was dismissed because it did not implicate a liberty interest. However, we elected to dismiss without prejudice not so that the Petitioner could reassert the Bivens claim in a habeas corpus motion, but so that the Petitioner could incorporate the averments as the *basis* for the habeas corpus motion. Nonetheless, it appears to us, as it evidently did to Magistrate Judge Blewitt, that Smith used the instant Petition to advance both theories.[11] Thus, Magistrate Judge Blewitt's February 13, 2008 R&R recommends that both the habeas petition and the due process claim be dismissed. We will address these requests in turn, beginning with the habeas petition.

In quoting Third Circuit precedent, Magistrate Judge Blewitt noted that when an inmate's complaint is to "a condition of confinement such that a finding in [the inmate's] favor would not alter his sentence or undo his conviction," that circumstance cannot support a petition for habeas corpus. See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).[12] Since a ruling in the Petitioner's favor would

---

[10] Generally, a plaintiff may bring a Bivens claim in federal court when he or she experiences a deprivation of federal constitutional rights at the hands of a federal officer. See generally Bivens, 403 U.S. 388.

[11] Since the document styled "Petition for Habeas Corpus," (Rec. Doc. 10), in fact contains a petition for habeas corpus and an apparent due process claim, to distinguish between the document as a whole and the specific petition for habeas relief contained therein, we will refer to the former as the "Petition" and to the latter as the "habeas petition."

[12] Rather, the Leamer Court noted that a habeas petition would be supported by attacking "the validity of the continued conviction or the fact or length of the sentence." Leamer, 288 F.3d

not alter his sentence or undo his conviction,[13] and since the Magistrate Judge

concluded that the Petition was not challenging a disciplinary punishment or

seeking expungement of his prison record as to his placement in DSP, he

determined that the Petition was not a proper habeas petition and therefore

recommended its dismissal.

Further, the Magistrate Judge opined that the Petitioner's averments could

not meet the standards of a due process liberty claim.  Quoting United States

Supreme Court precedent, he noted, "The Due Process clause protects a prisoner's

right to freedom from restraint [ when said restraint] . . . imposes atypical and

significant hardship in relation to the ordinary incidents of prison life."[14] (Rec. Doc.

4, p. 15 (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995))).  The Magistrate

Judge proceeded to cite Sandin for the proposition that "discipline by prison

————————————

at 542.

[13] Indeed, a ruling in Petitioner's favor would not result in a reduction of his prison sentence, nor would it result in his discharge from the DSP, which already occurred in January 2006.

[14] The Magistrate Judge contrasted conditions of administrative custody that were found to be violative of the Due Process Clause with those that were constitutional.  For example, administrative custody violates the Due Process Clause when, inter alia, it virtually eliminates all human contact, requires the lights be on 24 hours a day, and is indefinite in duration.  Wilkinson v. Austin, ____ U.S. _____, 125 S.Ct. 2384, 2393 (2005).  Conversely, administrative custody is constitutional where, inter alia, it promotes prosocial behavior, Francis v. Dodrill, 2005 WL 2216582 * 5 (M.D. Pa. 2005), or requires the inmate to live under restricted conditions for a fixed duration without behavioral incidents prior to being reintroduced to the general prison population, see generally Fraise v. Terhune, 283 F.2d 506 (3d Cir. 2002).

officials in response to a wide range of misconduct falls within the expected

perimeters of the sentence imposed by the court of law." Id. at 486.  Indeed,

Magistrate Judge Blewitt acknowledged that inmates who are considered security

risks are often removed from the general prison population and placed in a more

restrictive custodial environment. See Fraise v. Terhune, 283 F.2d 506 (3d Cir.

2002).  Cognizant that Petitioner had been in the DSP for approximately seven

months, the Magistrate Judge noted that transfers of prisoners from the general

population into administrative or disciplinary segregation units for as long as fifteen

months were not uncommon when the inmate was deemed a security risk. See

Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997).

     Since the Petitioner's conditions of confinement were more akin to the

conditions in Francis and Fraise than those in Wilkinson, and since the term of

confinement in the DSP was less than that in Griffin, the Magistrate Judge

concluded that the Petitioner's liberty interests were not violated by his placement

in DSP without a hearing, detention order, or the like.  Accordingly, Magistrate

Judge Blewitt determined not only that Petitioner could not maintain a due process

claim, but also that Petitioner's due process assertions could not form the basis of a

habeas petition.  Rather, instead of supporting a Bivens claim or a habeas corpus

petition, the Magistrate Judge noted that Petitioner's allegations might better

support a cause of action under the Federal Torts Claims Act ("FTCA"), 28 U.S.C.

§ 2671, <u>et seq.</u>[15]  Thus, the Magistrate Judge recommends dismissal of Petitioner's

habeas petition and due process claim without prejudice to file an FTCA action

after the Petitioner has exhausted his administrative remedies.

## III.   DISCUSSION

On April 14, 2008, Petitioner filed objections to the R&R, (Rec. Doc. 10),

which we will address and analyze below.

Petitioner appears to assert that the Magistrate Judge based his dismissal of

the habeas petition solely on the assumption that the Petition did not challenge a

disciplinary punishment in the DSP/SHU or seek expungement of his prison record

relating to his participation in the DSP and attendant confinement in the SHU.

(Rec. Doc. 10, p. 4 (citing Rec. Doc. 4, p. 5)).  Smith then proceeds to assert that the

Petition *does* challenge the disciplinary punishment in the DSP/SHU, which would

necessarily result in an expungement of his prison record in that regard. (Rec. Doc.

10, p. 4).  Therefore, Petitioner asserts that the R&R in incorrect and that he is

---

[15] The FTCA permits private parties to sue the United States in a federal court for most torts committed by persons acting on behalf of the United States.  <u>See</u> <u>generally</u> 28 U.S.C. § 2671, <u>et seq.</u>  In this instance, Magistrate Judge Blewitt observed that Petitioner's claim that the Vanyur Memo was erronesouly applied to him could constitute a negligence claim cognizable under the FTCA.

entitled to habeas relief.  However, Petitioner conflates the Magistrate Judge's reasoning.

As noted in our summary of the R&R, and in contravention to Petitioner's point of view, Magistrate Judge Blewitt's decision to dismiss the habeas petition does not rest exclusively on the assumption that Petitioner was not challenging his confinement nor seeking expungement of his record.  In fact, considering that that statement encompasses half a paragraph in a twenty page R&R, it seems like a mere afterthought rather than the crux of the Magistrate Judge's reasoning.  Indeed, noting that the habeas petition challenged the conditions of confinement, rather than the validity or execution of the Petitioner's sentence, the bulk of the Magistrate Judge's discussion of the habeas petition focuses on the <u>Leamer</u> case, referenced above.  To recapitulate, <u>Leamer</u> held that when a challenge to the conditions of confinement would not, if successful, alter the petitioner's sentence or undo his conviction, the challenge must be brought pursuant to either § 1983 or <u>Bivens</u>, not through a habeas petition. <u>Leamer</u>, 288 F.3d at 542.  Indeed, the Third Circuit Court of Appeals followed its <u>Leamer</u> decision with its decision in <u>Bronson v. Demming</u>, 56 Fed. Appx. 551 (3d Cir. 2002).  The <u>Bronson</u> Court concluded that where a petitioner desired to be released from one type of confinement to another (in that case from a restricted housing unit to the general population) habeas relief was

9

unavailable because neither the fact nor length of petitioner's incarceration would be altered by granting the petition. Id. at 553.

As was the case in Bronson, Petitioner in the instant matter complains of confinement in a restrictive housing unit, asserting that he should have been housed with the general prison population. Similar to Bronson, neither the fact nor term of Petitioner's imprisonment would be altered in the instant matter by a declaration that his placement in the DSP/SHU was unconstitutional or the expungement of his prison record in that regard. Thus, pursuant to the dictates of Leamer and Bronson, we agree with the Magistrate Judge's conclusion that Smith's petition for habeas corpus relief is improper and must be dismissed.

Even if, assuming *arguendo*, Smith's habeas petition was proper, he would not be successful in obtaining relief on the same because his confinement did not violate the Constitution, laws, or treaties of the United States. Petitioner's position is that his confinement in the SHU violated the liberty interests secured by the Due Process Clause of the Fifth Amendment. In his objections, he opines that the authority cited by the Magistrate Judge in the R&R is inapposite in the instant matter because his case is factually distinguishable. Namely, he posits that the cases cited by Magistrate Judge Blewitt involved the "control of problematic prisoners or the proper discipline of prisoners who committed . . . misconducts,"

and are therefore inapplicable to the instant matter since his confinement in SHU was spawned not by any misconduct on his part, but by the assault he sustained at the hands of a fellow inmate. (Rec. Doc. 10, p. 2).  While this statement is not altogether incorrect, Petitioner fails to take cognizance of certain facts that make the instant matter analogous to the authority cited by the Magistrate Judge.

To quickly restate that authority, Sandin stands for the proposition that an inmate's liberty interest is infringed only by an "atypical and significant hardship in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484. Moreover, the Third Circuit has held that transfers of prisoners from the general population into administrative or disciplinary segregation units for as long as fifteen months were not uncommon when the inmate was deemed a security risk. See Griffin,112 F.3d at 706.  While the Petitioner is correct that an investigation into the assault that led to his confinement in SHU revealed that he was not at fault in that particular incident, the investigation also discovered that "his return to the general population at [USP-Canaan] would pose a threat to the safe, secure, and orderly operation of the prison." (Rec. Doc. 1, Ex. 2).[16]  Accordingly, since the Petitioner

---

[16] This statement was contained in a document sent to Petitioner by Harrell Watts, the Adminsitrator of National Inmate Appeals, in response to Petitioner's complaint that his confinement in the SHU violated his rights.  Notably, the Supreme Court of the United States has held that deference should be given to the determinations of prison officials who, in "fine-tuning . . . the ordinary incidents of prison life," must necessarily be afforded the ability to appropriately control prison conditions in order to manage a volatile environment. See Sandin, 515 U.S. 482-

was determined to pose a security risk, the dictates of <u>Sandin</u> and <u>Griffin</u> lead us to believe that his confinement in a segregated housing unit was not violative of the liberty interest secured by the Fifth Amendment.  Indeed, such confinement is not at all atypical for inmates determined to pose threats to the security and operation of a prison. <u>See</u> <u>e.g.</u>, <u>Sandin</u>, 515 U.S. 472; <u>Fraise</u>, 283 F.2d 506; <u>Griffin</u>, 112 F.3d 703; <u>Francis</u>, 2005 WL 2216582.

Since Petitioner's claims are not sufficient in supporting either a due process claim or a habeas corpus petition, these actions must be dismissed.  However, like the Magistrate Judge, we perceive that Petitioner's allegations may state a viable claim for relief under the FTCA.  Thus, we believe that the habeas petition and due process claim should be dismissed without prejudice to file an FTCA claim after the exhaustion of administrative remedies.  We therefore adopt the R&R in this extent.[17]

Finally, the Magistrate Judge has recommended that Petitioner's Motion to Proceed in Forma Pauperis be granted with respect to the filing of the Petition.

_____

83.  Thus, we pay special deference to the determination that Petitioner's release into the general prison population posed a security threat.

[17] Magistrate Judge Blewitt explicitly recommends that the four Respondents be dismissed from this action.  We find it unnecessary to expressly do so, since our dismissal of Petitioner's claims for relief in their entirety implies that those individuals are no longer respondents in this action.

Since the Petitioner has a mere $49.94 in his personal account, the *de minimus* nature of his assets militates in favor of the Magistrate Judge's determination. Therefore, we will adopt the Magistrate Judge's R&R in this regard.

## IV.   CONCLUSION

For the foregoing reasons, the Court will adopt the recommendation of the Magistrate Judge to dismiss Petitioner's habeas petition and due process claim without prejudice to file an FTCA claim after administrative remedies have been exhausted.  The Court will also adopt Magistrate Judge Blewitt's recommendation that Petitioner's Motion to Proceed in Forma Pauperis be granted as it relates to this case. An appropriate order in accordance with this memorandum will be entered.